**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4462**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESSE LEON LYNCH,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:08-cr-00210-TDS-1)

_____

Submitted:  February 9, 2023                          Decided:  March 15, 2023

_____

Before QUATTLEBAUM and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Michael E. Archenbronn, Winston-Salem, North Carolina, for Appellant. Clifton Thomas Barrett, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Leon Lynch appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment, followed by 12 months of supervised release. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence imposed is plainly unreasonable. The Government has not filed a response. Although informed of his right to file a pro se supplemental brief, Lynch has not done so. We affirm.

"We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "In making this determination, we follow generally the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Slappy*, 872 F.3d at 207 (cleaned up). Only if a sentence is either procedurally or substantively unreasonable "do we consider whether it is 'plainly' so, relying on the definition of 'plain' used in our plain error analysis—that is, clear or obvious." *Id.* at 208 (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United*

*States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted); *see* 18 U.S.C. § 3583(e). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). A revocation sentence falling within the recommended policy statement range is presumed reasonable. *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

We conclude that Lynch's revocation sentence is both procedurally and substantively reasonable. When imposing Lynch's revocation sentence, the district court correctly calculated a policy statement range of 21 to 27 months' imprisonment, considered the relevant statutory factors, imposed a sentence within the statutory maximum, and gave sufficiently detailed reasons for its decision. The court directly addressed Lynch's mitigating arguments, acknowledging his difficult upbringing and commending him for maintaining steady employment. The court expressed concern, however, that Lynch violated the terms of his supervision relatively soon after being released from custody, emphasizing that this constituted an "obvious" breach of the court's trust. In concluding that Lynch's within-policy-statement-range sentence was necessary, the court also emphasized the needs for deterrence and to protect the public.

In accordance with *Anders*, we have reviewed the record in its entirety and have found no meritorious grounds for appeal. Accordingly, we affirm the district court's revocation judgment. This court requires that counsel inform Lynch, in writing, of the right to petition the Supreme Court of the United States for further review. If Lynch requests

3

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lynch.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*